IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ATTRACTIVE SURGICAL, LLC,**  :<br>406 Roger Williams Avenue   :<br>Highland Park, Illinois 60035   :<br>                                       :<br>        **Plaintiff,**           :<br>                                       :<br>**v.**                                 :<br>                                       :<br>**THE CLEVELAND CLINIC**      :<br>**FOUNDATION**                :<br>C/O CT Corporation System, Statutory Agent  :<br>4400 Easton Commons Way, Suite 125  :<br>Columbus, Ohio 43219           :<br>                                       :<br>        **Defendant.**           : | **CASE NO.:**<br><br>**JUDGE:** |

___

# COMPLAINT
___

Plaintiff, Attractive Surgical, LLC ("Attractive Surgical") brings this action for patent infringement against Defendant, The Cleveland Clinic Foundation ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for patent infringement under 35 U.S.C. §§ 271, *et seq.*, by Attractive Surgical against Defendant.

## PARTIES

2.       Attractive Surgical, LLC is a limited liability company organized under the laws of the State of Illinois.  Attractive Surgical has a business address of 406 Roger Williams Ave.,

Highland Park, Illinois 60035.  Attractive Surgical is the owner of United States Patent Nos. 8,602,981 ("the '981 patent") and 9,386,973 ("the '973 patent") (collectively, the '981 and '973 patents are referred to herein as the "Patents-in-Suit").  The '981 and '973 patents are titled "Magnaretractor System and Method" and identify Todd Deutch ("Dr. Deutch") as the sole inventor.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of Ohio with a place of business at 9500 Euclid Avenue, Cleveland, Ohio 44195 and is in the business, at least in pertinent part, of performing surgery in the state of Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Attractive Surgical asserts claims for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code, including 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the rights and benefits of the laws of Ohio, and Defendant's activities in Ohio give rise to Attractive Surgical's claims.

6. Defendant purposefully and voluntarily directly infringes the claims of the Patents-in-Suit through its actions within the Northern District of Ohio.  Specifically, upon information and belief, the Defendant used and continues to use the Magnetic Surgical System manufactured and sold by Levita Magnetics International Corp. ("Levita").

7. Venue properly lies in this District under the provisions of 28 U.S.C. §§ 1391 and 1400 because, as described above, Defendant resides in the District.

## THE PATENTS-IN-SUIT

8. On December 10, 2013, the USPTO issued the '981 patent. A true and accurate copy of the '981 patent is attached hereto as Exhibit 1.

9. The '981 patent claims a surgical system.

10. Claim 1 of the '981 patent recites a surgical system comprising: an intracorporeal apparatus including: a body; a first end of the body adapted to attach to a tissue inside a patient's body by at least one of a screw, loop, clip, clamp or fastener; a second end of the body, opposing the first end, comprising an interface designed to be engaged with and disengaged from a placement apparatus, wherein the interface is adapted to receive at least one of magnetic or mechanical energy from a placement apparatus; and wherein the body is adapted to retract the tissue inside the patient's body by use of an extracorporeal apparatus; an extracorporeal apparatus including: a body comprising a central portion and a peripheral edge portion, wherein the body is mobile and adapted to be placed in close proximity to the patient's body; a source of magnetic energy coupled to the body; and the body is adapted to deliver magnetic energy to the intracorporeal apparatus attached to a tissue inside the patient's body such that the patient's tissue can be retracted; and a placement apparatus including: a body, a connector proximate to a first end of the body and adapted to selectively engage and disengage the intracorporeal apparatus, wherein said first end of the body comprises a shaft; a first interface proximate a second end of the body operably connected to the connector to control said connector to engage and disengage the intracorporeal apparatus, said first interface designed at a distal end to engage with the intracorporeal apparatus and adapted to place and disengage the intracorporeal apparatus into the patient's body; and a second interface proximate the second end adapted to deliver mechanical energy from the placement apparatus to the intracorporeal apparatus, wherein said second

interface comprises at least one of a lever, spring, button, trigger, rotatable knob, or a scissor-like mechanism.

11. Claims 2 and 3 depend from claim 1.

12. The '981 patent issued December 10, 2013 from U.S. Application No. 12/787,998, filed May 26, 2010, which was a continuation-in-part of International Application No. PCT/US2008/0884991, filed November 26, 2008, which claims the benefit of U.S. Provisional Application No. 60/996,575, filed November 26, 2007.

13. The claims of the '981 patent are valid and enforceable.

14. On July 12, 2016, the USPTO issued the '973 patent. A true and accurate copy of the '973 patent is attached hereto as Exhibit 2.

15. The '973 patent claims a surgical system.

16. Claim 1 of the '973 patent recites a surgical system comprising, a placement apparatus comprising a body; a distal end of the body comprising a connector, wherein the connector is adapted to selectively disengage an intracorporeal apparatus; and a proximal end comprising an actuator for causing the connector to disengage an intracorporeal apparatus; an intracorporeal apparatus comprising, a body, a first end of the body adapted to manipulate an object; and a second end of the body adapted to be selectively engaged with the placement apparatus, wherein the intracorporeal apparatus is adapted to respond to energy from an extracorporeal apparatus; an extracorporeal apparatus comprising a body; and a source of magnetic energy for interacting with the intracorporeal apparatus.

17. Claims 2-11 depend directly or indirectly from claim 1.

18. The '973 patent issued July 12, 2016 from U.S. Application No. 14/074,783, filed November 8, 2013, which was a continuation of the '998 application (now the '981 patent).

19. The claims of the '973 patent are valid and enforceable.

20. Dr. Todd Deutch is the sole inventor of the technology described and claimed in the '981 and '973 patents. While working at Eastern Virginia Medical School ("EVMS") in Norfolk, Virginia, Dr. Deutch had an insight relating to laparoscopic surgery and invented surgical systems and methods that allow surgeons to retract and manipulate intra-abdominal organs and objects without placing multiple ports in a patient's abdomen. Dr. Deutch incorporated magnets into surgical components to enable a surgeon to have increased control over the surgical instruments as a result of increased space within the abdominal cavity during surgery.

21. Dr. Deutch sought to reduce the number of incisions in a patient and decrease the number of instruments in a patient's abdominal cavity during surgery. To achieve this, Dr. Deutch conceived of surgical methods and systems using magnets to allow a surgeon to retract and manipulate intra-abdominal organs and objects without the necessity of additional tools in the abdomen.

22. Dr. Deutch's ideas were disclosed to the U.S. Patent and Trademark Office as Provisional Patent Appl. Ser. No. 60/996,575, which was filed on November 26, 2007.

23. While working at EVMS, Dr. Deutch assigned his rights in the inventions in the Patents-in-Suit to EVMS by way of a written assignment executed June 23, 2010 and recorded with the USPTO on August 6, 2010 at Reel/Frame No. 024801/0368. EVMS assigned its rights in the inventions in the Patents-in-Suit back to Dr. Deutch by way of written assignment executed October 30, 2014 and recorded with the USPTO on May 28, 2015 at Reel/Frame No. 035737/0072. Dr. Deutch assigned his rights in the inventions in the Patents-in-Suit to Attractive Surgical by way of assignment executed on May 9, 2016 and filed at the United States Patent and

Trademark Office ("USPTO") on June 3, 2016 at Reel/Frame No. 038794/0675.

24. Dr. Deutch and Dr. Charles Miller formed Attractive Surgical, LLC to commercialize Dr. Deutch's inventions described in the Patents-in-Suit. Attractive Surgical desired to partner with a medical device company to develop a prototype of Dr. Deutch's inventions and bring a product to market. Attractive Surgical has had numerous discussions and meetings with multiple medical device companies regarding the commercialization of Dr. Deutch's inventions. However, Defendant's use of an infringing product has impeded and prevented Attractive Surgical from partnering with any of the medical device companies. Defendant's infringement has harmed and continues to harm Attractive Surgical.

## DEFENDANT'S INFRINGEMENT

25. Defendant uses a medical device called the Magnetic Surgical System manufactured and sold by Levita Magnetics International Corp. Use of the Magnetic Surgical System directly infringes the claims of the Patents-in-Suit.

26. The Magnetic Surgical System includes a placement apparatus, an intracorporeal apparatus, and an extracorporeal apparatus.

27. According to 2016 Cleveland Clinic Outcomes for Digestive Disease and Surgery Institute, published by Defendant, the Magnetic Surgical System includes an intracorporeal apparatus ("a deployable, magnetic 5-cm bowel grasper") and an extracorporeal apparatus comprising a source of magnetic energy for interacting with the intracorporeal apparatus ("an external magnet to manipulate the grasper"). *Digestive Disease & Surgery Institute 2016 Outcomes*, The Cleveland Clinic Foundation, 2017 (a copy is attached hereto as Exhibit 3).

28. According to an article co-authored by Dr. Matthew Kroh, Director of Surgical Endoscopy at Cleveland Clinic, the Magnetic Surgical System includes a placement apparatus (a

"grasper") designed to selectively disengage an intracorporeal apparatus (a "detachable tip"). Dr. Kroh's article states, "[t]he system is comprised of a grasper with a detachable tip and an external magnetic controller. The grasper is similar in shape and function as a regular laparoscopic grasper, provided with a delivery/retrieval shaft that allows the application/retrieval of the detachable tip. With the detachable grasper tip secured to the organ, the external magnet is placed over the abdominal wall and a magnetic attraction is achieved. The external magnet can then be freely moved providing unconstrained retraction. At the end of the procedure, the detachable grasper tip is reconnected to the grasper shaft and removed from the patient." *A New Magnetic Technology For Bariatric Surgery First Adoption In A Surgical Center*, Poster Presentations | Surgery for Obesity and Related Diseases, 12 (2016) S115-116 (a copy is attached hereto as Exhibit 4).

29. An article from the Annals of Surgery journal described the Magnetic Surgical System as follows: "The system comprises an external magnet and a grasper with a detachable grasper tip and handle (Fig. 1). The external magnet is a cylinder that has a diameter of 8 cm and the detachable grasper tip is 6.5 cm long with a diameter of 1 cm. The Magnetic Grasper Device is compatible with a ≥10 mm laparoscopic port. The magnetic grasper assembly delivers and applies the detachable grasper tip to the gallbladder. Gently squeezing the handle, the internal mechanism releases the detachable tip. The handle is then removed, leaving the introduction port available for use by another procedural instrument. With the detachable grasper tip secured to the organ, the external magnet is placed over the abdominal wall and a magnetic attraction is achieved with the detachable tip (Fig. 2). The external magnet can then be freely moved, facilitating unconstrained shaftless tissue retraction and mobilization. Under direct visualization, the desired retraction of the gallbladder can be obtained by mobilizing the external magnet. The

usual position of the external magnet is on top of the right upper quadrant. At the end of the procedure, the detachable grasper tip is decoupled from the external magnet, reconnected to the handle and removed from the patient." *Magnetic Surgery | Results From First Prospective Clinical Trial in 50 Patients*, Annals of Surgery, Vol. 267, No. 1, Jan. 2018 (a copy is attached hereto as Exhibit 5).

30. An image of the device and information provided from the website of Levita Magnetics International Corp., the manufacturer and seller of the Magnetic Surgical System, is reproduced below:



31. Upon information and belief, Defendant used the Magnetic Surgical System on patients undergoing laparoscopic cholecystectomy procedures from at least June 2016 through November 2016. Several doctors employed by Defendant, including Dr. Ivy N. Haskins, Dr. Andrew T. Strong, Dr. Matthew T. Allemang, Dr. Kalmanth Benscath, Dr. John H. Rodriguez,

and Dr. Matthew D. Kroh from the Surgical Endoscopy section of the Department of General Surgery at Defendant co-authored an article describing use of the Magnetic Surgical System during laparoscopic cholecystectomy. *See* Exhibit 5.

32. Upon information and belief, Cleveland Clinic's Department of General Surgery was the first in the U.S. to utilize and pilot the Magnetic Surgical System during laparoscopic cholecystectomy. *See id*.

33. Upon information and belief, Dr. Matthew Kroh, Director of Surgical Endoscopy at Cleveland Clinic, was the first surgeon to use the Magnetic Surgical System in the United States.

34. Upon information and belief, Defendant continued to use the Magnetic Surgical System during procedures performed in 2017 and 2018.

35. On or about September 19, 2018, the FDA expanded its approval of the Magnetic Surgical System for use in bariatric procedures.

36. Upon information and belief, Dr. Rodriguez and others employed at Defendant recently completed bariatric procedures using the Magnetic Surgical System. Upon information and belief, Defendant continues and will continue to use the Magnetic Surgical System in bariatric procedures.

37. On or about April 30, 2019, the FDA again expanded its approval of the Magnetic Surgical System for use in prostatectomy procedures. Upon information and belief, Defendant will use the Magnetic Surgical System in prostatectomy procedures.

38. Upon information and belief, Defendant has knowledge of the Patents-In-Suit. Defendant has worked with Levita at least since 2016 in piloting the use of the Magnetic Surgical System and in gathering clinical data for the Magnetic Surgical System. In addition to

the cholecystectomy procedures and bariatric procedures described above, Defendant worked with Levita in a clinical setting to study the use of the Magnetic Surgical System in bariatric procedures. Dr. Kroh co-authored a poster presentation of the findings of that study in 2016. Further, Dr. Kroh is a consultant for Levita and part of the scientific committee for Levita. Levita has had actual knowledge of the Patents-In-Suit at least since 2015. Therefore, upon information and belief, Defendant has knowledge of the Patents-In-Suit.

39. The above allegations set forth Defendant's infringement of the Patents-in-Suit.

40. Defendant uses the Magnetic Surgical System without any license or permission from Attractive Surgical.

## COUNT I
## DEFENDANT'S INFRINGEMENT OF THE '981 PATENT

41. The allegations of paragraphs 1-40 are re-alleged as if fully set forth herein.

42. Attractive Surgical owns the '981 patent.

43. For at least the reasons cited herein, Defendant infringes, and has infringed, literally or under the doctrine of equivalents, claim 1 of the '981 patent by using the Magnetic Surgical System. Defendant did not obtain, and has never obtained, authority or license from Attractive Surgical for such use.

44. As a result of Defendant's direct infringement of the '981 patent, literally or under the doctrine of equivalents, Attractive Surgical has suffered, and continues to suffer monetary damages in an amount not yet determined. Attractive Surgical is entitled to damages that are adequate to compensate it for the infringement, such damages being in the amount of at least a reasonable royalty due.

45. As a result of Defendant's direct infringement of the '981 patent, literally or under the doctrine of equivalents, Attractive Surgical has been irreparably harmed. On information and

belief, Defendant's infringing conduct will continue, resulting in continuing irreparable harm to Attractive Surgical, unless such infringing acts are enjoined by this Court.

46. Upon information and belief, and as a result of Defendant's close working relationship with Levita Magnetics International Corp., Defendant's direct infringement has been deliberate, intentional, and willful.

## COUNT II
## DEFENDANT'S INFRINGEMENT OF THE '973 PATENT

47. The allegations of paragraphs 1-46 are re-alleged as if fully set forth herein.

48. Attractive Surgical owns the '973 patent.

49. For at least the reasons cited herein, Defendant infringes, and has infringed, literally or under the doctrine of equivalents, claims 1-11 of the '973 patent by using the Magnetic Surgical System. Defendant did not obtain, and has never obtained, authority or license from Attractive Surgical for such use.

50. As a result of Defendant's direct infringement of the '973 patent, literally or under the doctrine of equivalents, Attractive Surgical has suffered, and continues to suffer monetary damages in an amount not yet determined. Attractive Surgical is entitled to damages that are adequate to compensate it for the infringement, such damages being in the amount of at least a reasonable royalty due.

51. As a result of Defendant's direct infringement of the '973 patent, literally or under the doctrine of equivalents, Attractive Surgical has been irreparably harmed. On information and belief, Defendant's infringing conduct will continue, resulting in continuing irreparable harm to Attractive Surgical, unless such infringing acts are enjoined by this Court.

52. Upon information and belief, and as a result of Defendant's close working relationship with Levita Magnetics International Corp., Defendant's direct infringement has been

deliberate, intentional, and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Attractive Surgical requests that the Court enter a judgment in its favor and against Defendant on each Count of this Complaint and as follows:

(a) a declaration that Defendant directly infringes literally or under the doctrine of equivalents the '981 patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

(b) a declaration that Defendant directly infringes literally or under the doctrine of equivalents the '973 patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

(c) equitable relief under 35 U.S.C. § 283, including, but not limited to an injunction that enjoins Defendant and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing and/or inducing infringement of the Patents-in-Suit patent;

(d) an award of damages sufficient to compensate Attractive Surgical for infringement of the Patents-in-Suit by Defendant, together with prejudgment, post-judgment interest, and costs under 35 U.S.C. § 284;

(e) an accounting of damages;

(f) an order compelling Defendant to compensate Attractive Surgical for any ongoing and/or future infringement of the Patents-In-Suit, in an amount to be determined;

(g) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Attractive Surgical its reasonable attorneys' fees and expenses;

(h) a judgment that Defendant's conduct was willful and an increase in damages up to three times the amount found or assessed under 35 U.S.C. § 284; and

(i) such other and further relief as this Court deems just and proper.

/s/ John E. Schiller
John E. Schiller (#0024677)
   jschiller@walterhav.com
   Direct Dial: 216-928-2941
James J. Pingor (#0071328)
   jpingor@walterhav.com
   Direct Dial: 216-928-2984
Jamie A. Price (#0084178)
   jprice@walterhav.com
   Direct Dial: 216-928-2931
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114-1821
(216) 781-1212 / Fax: (216) 575-0911
*Attorneys for Plaintiff, Attractive Surgical, LLC*

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule, Plaintiff, Attractive Surgical respectfully demands a jury trial of all issues triable to a jury in this action.

/s/ John E. Schiller
John E. Schiller (#0024677)
   jschiller@walterhav.com
   Direct Dial: 216-928-2941
James J. Pingor (#0071328)
   jpingor@walterhav.com
   Direct Dial: 216-928-2984
Jamie A. Price (#0084178)
   jprice@walterhav.com
   Direct Dial: 216-928-2931
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114-1821
(216) 781-1212 / Fax: (216) 575-0911
*Attorneys for Plaintiff, Attractive Surgical, LLC*
